UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ELIAS JIMENEZ,                          :
                                        :
      Plaintiff                 :   No. 4:CV-05-1029
                                        :
  vs.                                   :   (Complaint Filed 05/19/05)
                                        :
                                        :   (Judge Muir)
YORK CITY POLICE DEPT., et al.,         :
                                        :
      Defendants                :

**ORDER**

June 3, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    Plaintiff, Elias Jimenez, an inmate at the York County Jail, York, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Presently before the court is plaintiff's motion for appointment of counsel (Doc. No. 4).  For the following reasons, the court will deny the motion.

    Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, Parham vs. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), the court has discretion to request "an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); see also Montgomery vs. Pinchak, 294 F.3d 492,

499 (3d Cir. 2002); Tabron vs. Grace, 6 F.3d 147, 153 (3d Cir. 1993).  The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Smith-Bey vs. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

    The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law.  Montgomery, 294 F.3d at 499.  If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

    (1)  the plaintiff's ability to present his or her own case;
    (2)  the difficulty of the particular legal issues;
    (3)  the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
    (4)  the plaintiff's capacity to retain counsel on his or her own behalf;

```
        (5)  the extent to which the case is likely to
             turn on credibility determinations; and
        (6)  whether the case will require testimony from
             expert witnesses.
```

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Assuming, solely for the purpose of deciding this motion, that the complaint has arguable merit, Jimenez fails to set forth circumstances warranting appointment of counsel. Tabron, supra, at 155-56. In his pleadings, Jimenez demonstrates the ability to present comprehensible arguments. The legal issues in this case are relatively uncomplicated, encompass well-settled areas of the law and will not require expert testimony. Furthermore, despite his incarceration, investigation of the facts does not seem beyond Jimenez' capabilities.

Based on the foregoing, it does not appear that Jimenez will suffer prejudice if forced to prosecute this case on his own. Furthermore, this court's duty to construe *pro se* pleadings liberally, Haines vs. Kerner, 404 U.S. 519 (1972), coupled with plaintiff's apparent ability to litigate this action, militate against the

appointment of counsel.  Thus, the court will deny Jimenez motion for appointment of counsel.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of plaintiff.

IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel (Doc. No. 4) is **DENIED.**

                    s/Malcolm Muir

                    MUIR
                    United States District Judge