```
          UNITED STATES DISTRICT COURT FOR THE
             MIDDLE DISTRICT OF PENNSYLVANIA
```

ELIAS JIMENEZ,                  :
                                :
       Plaintiff                :   No. 4:CV-05-1029
                                :
    vs.                         :   (Complaint Filed 05/19/05)
                                :
                                :   (Judge Muir)
YORK CITY POLICE DEPT., et al., :
                                :
       Defendants               :

## ORDER #2 of

February 10, 2006

**Background**

Plaintiff, an inmate at the York County Jail, York, Pennsylvania, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. Named as defendants in the complaint are the York City Police Department, Detective Jeff Spence and the Quick Response Team.

Jimenez alleges that the named defendants subjected him to excessive force in effectuating his arrest. Specifically, with respect to the Quick Response Team, plaintiff alleges that on January 10, 2005, he was arrested by the Quick Response Team. (Doc. No. complaint at p. 2, ¶ 1). He states that "as [he] was being handcuffed by the Quick

Response Team [he] layed there unarmed, [he] was being kicked in the head by the officers that initially came into the residence." Id.  He further claims that "the force of their kicks were so strong that each time [his] head hit the concrete doubling the impact, they kicked [his] head with their boots multiple times, so many times for [plaintiff] even to remember the count." Id.  Plaintiff claims that he was "semi-unconscious, simultaneously [he] was being stripped of [his] clothing by an officer, the only clothing he did not strip [plaintiff] of was [his] shirt and socks." Id. at ¶ 2.  Allegedly, the Quick Response Team then "apprehended [plaintiff] and threw him into the cold night like a hog (semi-naked), before hitting [him] in the back of [his] head by an officer [with] what felt like a rifle butt, straight shot to the back of [his] skull, in such a force, leaving [plaintiff] unconscious." Id. at ¶ 3.

Plaintiff further contends that his "pants disappeared with $635.00 U.S. currency, all [his] identification" and a "pocket phonebook." Id. Plaintiff states that he does not "remember a thing on how [he] got to the York County Police Station." Once at the police station, Jimenez states that

2

he was awaken "by them officers throwing paper and urine at [him] as [he] layed there in a cold holding cell in the nude." Id. Plaintiff was then taken to Memorial Hospital, where he was treated and released.

On May 19, 2005, plaintiff filed the instant action in which he claims that "since the beating [he] received from the Quick Response Team, [he's] been having pain in [his] head, neck, the right side of [his] ribs, hard for [him] to breath, [his] shoulder blade." (Doc. No. 1, complaint, attachment). Jimenez also claims that he has "been having faint (sic) spells, the inside of [his] neck is injured in such a way that [he] cannot feel the right side of [his] lower leg (below the knee) it's numb." Id. For relief, plaintiff seeks compensatory and punitive damages, as well as injunctive relief. Id.

Presently before the court is a motion to dismiss, filed on behalf of defendant, York County Quick Response Team. (Doc. No. 16). The motion is fully briefed and is ripe for disposition. For the reasons set forth below, the motion will be denied.

3

**Discussion**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of claims that fail to assert a basis upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). When deciding a motion to dismiss for failure to state a claim, the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford vs. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami vs. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action." Id. The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz vs. Sorema N.A., 534 U.S. 506, 514 (2002). Consistent with these principles, the court must grant leave to amend before dismissing a claim that is merely deficient. See Shane vs. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

4

In its motion to dismiss, the Quick Response Team states that the Quick Response Team "does not employ police officers", instead, the Quick Response Team "is comprised of officers of various police departments around York County," including officers from the York County Police Department. (Doc. No. 16).  As such, defendant argues that "absent proof of an employment relationship (or even an allegation of an employment relationship), neither York County nor YCQRT has any vicarious liability for the alleged actions of [defendants] YCPD or Spence." Id.  Thus, the Quick Response team believes that because "plaintiff designated the 'Quick Response Team' as a York City entity," it is to be considered a "municipal organization" and "cannot be held vicariously liable for constitutional violations."  (Doc. No. 16).

In opposing defendant's motion, the plaintiff argues that "one of the main functions of a complaint is to put parties on notice of a lawsuit...clearly, this complaint has placed all of the proper parties on notice" and "only

5

through discovery it is possible for a plaintiff to understand the complex interrelations of the parties and other necessary parties." (Doc. No. 19).  He further argues that "...all named parties are accused of illegal conduct" and "all parties are jointly and severally liable for conduct they all participated in collectively."  Id.

Thus, it is apparent from the allegations in the complaint and plaintiff's opposing brief, that plaintiff is not attempting to impose municipal liability on the Quick Response Team, but is attempting to impose liability on the individual team members in their personal and, or, official capacities.  This is further supported by plaintiff's recent discovery requests, in which he is attempting to uncover the names of the officers of the Quick Response Team who were involved in his arrest. (See Doc. Nos. 25, 26).

The Court finds that plaintiff's claims are grounded in the Fourth Amendment's prohibition against unreasonable seizures of the person.  A claim of excessive force used to effect an arrest is to be analyzed under a Fourth Amendment

6

standard.  Tennessee vs. Garner, 471 U.S. 1 (1985).[1]  In particular, in Graham vs. Connor, 490 U.S. 386 (1989), the Supreme Court held that all claims asserting that law enforcement officers have used excessive force, either deadly or non-deadly, in the course of an arrest, investigatory stop, or the seizure of a free citizen should be analyzed under the Fourth Amendment's objective reasonableness standard rather than under a substantive due process analysis.  Graham, 490 U.S. at 394; see also In re: City of Philadelphia Litigation, 49 F.3d 945 (3d Cir.), cert. denied, 116 S.Ct. 176 (1995).

Thus, the allegations viewed in the light most favorable to plaintiff, provide adequate notice of a valid claim under 42 U.S.C. § 1983 for violations of the Fourth Amendment.

---

[1]. This is so in that the Fourth Amendment provides an explicit textual source of constitutional protection against such intrusive governmental conduct and thus should be the guide for analyzing such claims as opposed to the generalized idea of substantive due process. Graham vs. Connor, 490 U.S. 386, 394 (1989). A claim of excessive force to subdue a convicted person, however, is analyzed under a less protective Eighth Amendment standard which applies only after the State has complied with the constitutional guarantees associated with criminal prosecutions. If, at the time, plaintiff was not an incarcerated person, his complaint of excessive force would not arise under the Eighth Amendment.

Sharrar vs. Felsing, 128 F.3d 810, 818 (3d Cir. 1997).  As such, the motion to dismiss, filed on behalf of the Quick Response Team, will be denied.

    IT IS HEREBY ORDERED that:

1. The motion to dismiss, filed on behalf of defendant, the Quick Response Team (Doc. No. 14) is **DENIED.**

2. Defendant, the Quick Response Team, is directed to file an answer to the complaint or other responsive pleading within twenty (20) days of the date of this order

                      s/Malcolm Muir
                      MUIR
                      United States District Judge