UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIAS JIMENEZ, | : | |
| | : | |
| Plaintiff | : | No. 4:CV-05-1029 |
| | : | |
| vs. | : | (Complaint Filed 05/19/05) |
| | : | |
| | : | (Judge Muir) |
| YORK CITY POLICE DEPT., et al., | : | |
| | : | |
| Defendants | : | |

**ORDER**

May 1, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff, an inmate formerly confined at York County Jail, York, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] Named as defendants in the complaint are the York City Police Department, Detective Jeff Spence and the Quick Response Team. Jimenez alleges that the named defendants subjected him to excessive force in effectuating his arrest. On August 8, 2005, defendants York City Police Department and Detective Spence, filed an answer to the complaint. (Doc. No. 13). By Order dated

---

1. Plaintiff is presently confined in the Fayette State Correctional Institution, Labelle, Pennsylvania. (Doc. No. 23).

February 10, 2006, this Court denied a motion to dismiss the Quick Response Team.  (Doc. No. 28).  On February 15, 2006, the Quick Response Team filed an answer to the complaint. (Doc. No. 29).  Discovery was to be completed by April 14, 2006 and dispositive motions, if any, are to be filed by May 15, 2006. (Doc. No. 24).

Presently before the Court are the motions of defendants York City Police Department and Detective Spence to compel discovery responses from the plaintiff (Doc. No. 30), for an enlargement of time to complete discovery; (Doc. No. 33); and to take plaintiff's deposition.  (Doc. No. 34).

In support of their motion to compel, defendants state that they served plaintiff with Interrogatories and a Request for the Production of Documents at the York County Prison, his address of record.  (Doc. No. 31).  On January 19, 2006, defendants' discovery requests were returned to defense counsel because plaintiff no longer resided at the address he provided to the Court.  Id.  Plaintiff was subsequently located at his current address of record, SCI-Fayette, and, on January 19, 2006, defendants again served plaintiff with their discovery requests.  Id.  Plaintiff was

2

obligated to respond to the discovery requests on or before February 24, 2006. Id.  In a letter dated March 15, 2006, defendants notified plaintiff that if he failed to respond to their discovery requests by March 31, 2006, they would file a motion to compel with the Court.  Plaintiff failed to acknowledge defendants' March 15, 2006, correspondence. Id. Plaintiff's brief in opposition to defendants' motion to compel is now long overdue, see [2] M.D. Pa. Local Rule 7.6, and plaintiff has neither made an appropriate filing nor requested an extension of time in which to do so.  Thus, the Court will direct plaintiff to file a brief in opposition to the defendants' motion to compel, and to show good cause why he failed to respond to properly served discovery requests. Plaintiff's failure to comply with this Court's Order will result in the dismissal of his action against defendants York City Police Department and Detective Spence, pursuant to Fed.R.Civ.P. 41(b),for failure to prosecute and comply

---

2. By Order dated May 23, 2005, this court directed the parties' attention to the Local Rules of Court. (See Doc. No. 5). The Order referred specifically to an opposing party's duty to file a brief in opposition to a motion within fifteen (15) days after service of the movant's brief.  See M.D. Pa. Local Rule 7.6.

3

with a court order.

    IT IS HEREBY ORDERED that:

1. Plaintiff shall file a brief in opposition to defendants' motion to compel on or before May 19, 2006.

2. Plaintiff's failure to comply with this Court Order will result in the dismissal of plaintiff's complaint against defendants York City Police Department and Detective Spence, pursuant to Rule 41(b) for failure to prosecute and comply with a court order.

3. In light of the foregoing, defendants' motions for an enlargement of the discovery time and to take plaintiff's deposition (Doc. Nos. 33, 34) are **DISMISSED** without prejudice.

                s/Malcolm Muir
                MUIR
                United States District Judge